FILED
United States Court of Appeals
Tenth Circuit

November 7, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

E. JEFFREY DONNER; JUDEE M.
DONNER,

     Plaintiffs - Appellants,

v.

JACK NICKLAUS; JACK NICKLAUS
GOLF CLUB, LLC,

     Defendants - Appellees.

No. 16-4149
(D.C. No. 2:11-CV-00489-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.
_____

E. Jeffrey Donner and Judee Donner appeal the district court's dismissal of

their intentional misrepresentation claim against Jack Nicklaus and Jack Nicklaus

Golf Club, LLC (collectively "Nicklaus"). Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

**I**

We will not discuss in detail the background facts of this case, which are

covered in our prior opinion, Donner v. Nicklaus, 778 F.3d 857 (10th Cir. 2015). In

summary, the Donners invested in a planned golf course and development. After the

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

development failed, they brought suit against Nicklaus, advancing several claims related to Nicklaus' alleged misrepresentations. After the district court dismissed, we affirmed in all respects but one: We concluded that the Donners plausibly alleged a claim for intentional misrepresentation based on Nicklaus' statement that he was a charter member of the Mt. Holly Club, which could falsely suggest he had invested his own funds in the venture. Id. at 868-71, 877.

On remand and after discovery, Nicklaus moved for summary judgment on the ground that the remaining claim was untimely. Holding that the claim was time-barred, the district court granted summary judgment in favor of Nicklaus. The Donners timely appealed.

## II

We review a district court's grant of summary judgment de novo. Wood v. Eli Lilly & Co., 38 F.3d 510, 512 (10th Cir. 1994). Summary judgment is appropriate only if the evidence, viewed in the light most favorable to the non-moving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). We also review the district court's interpretation of state law de novo, including its interpretation of a statute of limitations. Fulghum v. Embarq Corp., 785 F.3d 395, 413 (10th Cir. 2015).

The parties have helpfully narrowed the scope of this dispute. All parties agree that the Donners' claim is governed by Utah's three-year limitations period for fraud or mistake, under which "the cause of action does not accrue until the

2

discovery by the aggrieved party of the facts constituting the fraud or mistake." Utah Code § 78B-2-305(3). They further agree that the relevant question is whether the Donners' claim accrued prior to April 14, 2008. And the Donners conceded at oral argument that they were on inquiry notice of their claim prior to that date. Accordingly, the question is whether inquiry notice triggered the running of the limitations period under Utah law.

Although the language of the statute appears to focus on the date a plaintiff discovers facts constituting fraud, the Utah Supreme Court has stated "all that is required to trigger the statute of limitations is sufficient information to put plaintiffs on notice to make further inquiry if they harbor doubts or questions" and that "inquiry notice triggers the accrual of the statute of limitations." Macris v. Sculptured Software, Inc., 24 P.3d 984, 990 (Utah 2001). It has explained that "knowledge of facts which would have put an ordinarily prudent man upon inquiry which, if followed up, would have resulted in a discovery of the fraud, [i]s equivalent to actual discovery." Baldwin v. Burton, 850 P.2d 1188, 1196 (Utah 1993) (quotation omitted).[1] And in Colosimo v. Roman Catholic Bishop of Salt Lake City, 156 P.3d 806 (Utah 2007), the Utah Supreme Court's most recent discussion of the issue, it concluded that the discovery rule did not rescue otherwise untimely claims

_____

[1] The Utah Supreme Court has clarified that the inquiry notice rule operates somewhat differently when applying an equitable discovery rule, as opposed to a statutory discovery rule. See Russell Packard Dev., Inc. v. Carson, 108 P.3d 741, 747, 750 n.7 (Utah 2005). The statutory version of Utah's discovery rule is at issue in this case, see id. at 747, as it was in Baldwin, 850 P.2d at 1195. And the two versions are "mutually exclusive." Nolan v. Hoopiiaina (In re Hoopiiaina Trust), 144 P.3d 1129, 1140 (Utah 2006).

3

because plaintiffs' knowledge "was sufficient to put them on inquiry notice of their claims." Id. at 810.

The Donners contend that this rule applies only in circumstances in which a plaintiff does not conduct a reasonable investigation after being put on inquiry notice. But the Utah Supreme Court has repeatedly stated the rule without expressing the limitation proposed by the Donners. Colosimo, 156 P.3d at 810; Macris, 24 P.3d at 990; Baldwin, 850 P.2d at 1196. Because we are bound to "the most recent statement of state law by the state's highest court," see Wood, 38 F.3d at 513, we must agree with the district court that the Donners' claim is untimely.

### III

For the foregoing reasons, we **AFFIRM**. Nicklaus' motion for leave to file a surreply brief and the Donners' motion to file a response are **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4